IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| vs. | DOCKET NO. 3:21 CR 86 |
| ARBAB SALEEM, | |
| Defendant. | |

**Supplement to Motion to Dismiss the Indictment
under the Second Amendment**

This memorandum supplements Mr. Saleem's motion to dismiss the indictment, doc. no. 42.

Two weeks ago, in *United States v. Price,* __ F. Supp. 3d __, 2022 WL 6968457 (S.D.W.Va. Oct. 12, 2022), the first court in the nation to consider post-*Bruen* the constitutionality of 18 U.S.C. § 922(k) – possession of a firearm with an altered, obliterated, or removed serial number – held that the statute violates the Second Amendment.[1]

In *Price,* the government characterized § 922(k) as the sort of "commercial regulation" on producers and sellers of firearms presumably left untouched by *Bruen. Id.* at *2. The court rejected that contention, pointing out that the statute

---

[1] The *Price* court also upheld another count of the indictment charging a violation of 18 U.S.C. § 922(g)(1), holding that the felon-in-possession statute survives Second Amendment scrutiny.

continues to operate once the firearm has left the stream of commerce, criminalizing the mere possession of the firearm. *Id.* at *3.

The government here will undoubtedly argue that short barrel shotguns and/or silencers represent new technology and create new problems not contemplated by the founders, and that the possession of such items is therefore unprotected by the Second Amendment. The *Price* court rejected such an analysis:

> Even assuming the societal problem addressed by the regulation is 'unprecedented,' such that it would have been 'unimaginable at the founding' or is based on 'dramatic technological changes,' it is the Government's burden to show that there were analogous regulations at the time to support [the statute's] constitutionality.

*Price,* 2022 WL 6968457 at 6 (citation omitted; quoting *Bruen*).

The *Price* opinion makes clear that "[t]he burden falls on the Government to affirmatively prove that its firearms regulation is part of [] or analogous to a historical tradition that delimits the outer bounds of the right to keep and bear arms." *Id.* at 6 (quoting *Bruen;* cleaned up). As discussed in the original defense motion, short barrel shotguns were well-known and unregulated at the time of the founding, as were accessories to make guns safer. Accordingly, the government cannot bear its burden of proving that such items were regulated at the time of the adoption of the Second Amendment, requiring that this Court dismiss the instant indictment.

Respectfully submitted:

  s/ Peter Adolf
Peter Adolf
Assistant Federal Public Defender
North Carolina Bar No. 37157
Attorney for Arbab Saleem
Federal Public Defender, WDNC
129 West Trade Street, Suite 300
Charlotte, NC 28202
(704) 374-0720 (phone)
(704) 375-2287 (fax)
peter_adolf@fd.org

Date: October 26, 2022