# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:21-cr-00086-FDW-SCR

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| v. | ) |
| | ) |
| **ARBAB SALEEM,** | ) |
| | ) |
| **Defendant**. | ) |
| | ) |

## ORDER

**THIS MATTER** is before the Court on Defendant's Motion for Release Pending Appeal (the "Motion") (Doc. No. 62) and the United States' response in Response in Opposition (Doc. No. 65). For the reasons stated herein, the Motion is denied.

## I. BACKGROUND

In March 2021, Defendant was indicted on three counts of Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record. (Doc. No. 1). Following a detention hearing, he was released on conditions of release. (Doc. Nos. 9 & 10). In October 2021, Defendant pled guilty to (1) Count 1 for Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record in violation of 18 U.S.C. § 921(a)(6) and 26 U.S.C. §§ 5845(a)(2), 5861(d), and 5871; and (2) Count 2 for Possession of a Firearm Not Registered in the National Firearms Registration and Transfer Record in violation of 18 U.S.C. §§ 921(a)(3)(C), (a)(24) and 26 U.S.C. §§ 5845(a)(7), 5861(d), and 5871. (Doc. Nos. 17 & 19). Defendant remained on conditions of release following the entry and acceptance of his guilty plea.

After Defendant pled guilty but before he was sentenced, the Supreme Court, and other courts, issued decisions on which Defendant relied to advance an argument for dismissal of the charges, which culminated in Defendant filing a Motion to Dismiss. (Doc. Nos. 42 & 44). The Government opposed Defendant's Motion to Dismiss. (Doc. No. 45). After hearing, the District Judge denied Defendant's Motion to Dismiss and did not dismiss the charges. (Doc. No. 46).

In October 2023, Defendant was sentenced to 18 months imprisonment followed by one year of supervised release. (Doc. No. 57). Following sentencing, Defendant remained released on conditions and was ordered to surrender to serve his sentence when he was notified by the United States Marshal to surrender. (Doc. No. 57). Defendant appealed the Judgment and the Order denying his Motion to Dismiss the Indictment. (Doc. No. 59). As of the date of this Order, no stay has been entered in the case.

Now, Defendant brings the instant motion and asks the Court to "enter an order pursuant to 18 U.S.C. § 3143(b) directing that he be continued on the same conditions of release pending appeal to the Fourth Circuit." (Doc. No. 62 at 4). Defendant has been notified that he must report to the Bureau of Prisons on November 21, 2023. (Doc. No. 62 ¶ 4).

## II. DISCUSSION

Under 18 U.S.C. § 3143(b)(1):

> (b) Release or detention pending appeal by the defendant.--(1) Except as provided in paragraph (2),[1] the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds--

---

[1] Under § 3143(b)(2), "[t]he judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained." Neither party argues that Defendant has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142.

> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in--
>
>> (i) reversal,
>>
>> (ii) an order for a new trial,
>>
>> (iii) a sentence that does not include a term of imprisonment, or
>>
>> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1). "By its terms, the statute requires that Defendant must satisfy both subsections (A) and (B) in order for this Court to authorize release." United States v. Owens, No. 1:08-CR-25, 2008 WL 5110899, at *1 (W.D.N.C. Dec. 2, 2008). "The burden is on the defendant to show that he should be released pending appeal." United States v. Pope, No. 1:07-cr-46, 2010 WL 2231785, at *1 (W.D.N.C. June 1, 2010). "'While [§ 3143(b)(1)] does permit some releases pending appeal, it is obvious from the statute that such releases are to be the exception.'" Id. (quoting United States v. Hamrick, 720 F. Supp. 66, 67 (W.D.N.C.1989)).

In applying § 3143(b)(1)(B):

> the court must make two inquiries after finding that the appeal is not taken for the purpose of delay. First, whether the question presented on appeal is a "substantial" one. Second, if decided in favor of the accused, whether the substantial question is important enough to warrant reversal or a new trial on all counts for which the district court imprisoned the defendant.

United States. v. Steinhorn, 927 F.2d 195, 196 (4th Cir. 1991). "A 'substantial question' is defined as 'a close question or one that very well could be decided the other way.'" United

States v. Lloyd, No. 22-4297, 2023 WL 4787447, at *2 (4th Cir. July 27, 2023) (unpublished) (quoting Steinhorn, 927 F.2d at 196)). "[T]here are no blanket categories for what questions do or do not constitute 'substantial' ones. Whether a question is 'substantial' must be determined on a case-by-case basis." Steinhorn, 927 F.2d at 196.

Here, Defendant has not presented the Court with sufficient information to conclude that there is a substantial question of law likely to result in reversal, a new trial, a sentence that does not include a term of imprisonment, or a reduced sentence less than the total of the time already served plus the expected duration of the appeal process, as defined by 18 U.S.C. § 3143(b)(1)(B) and caselaw. Indeed, even Defendant's Motion recognizes that the law surrounding one of his arguments is "rapidly developing" and the other argument is "a matter of first impression in the Fourth Circuit" (Doc. No. 62 ¶¶ 8-9), both of which fall short of "very well could be decided the other way." Steinhorn, 927 F.2d at 196; see e.g., Pope, 2010 WL 2231785, at *1 (denying motion for release pending appeal under 18 U.S.C. § 3143(b) where defendant "fail[ed] to cite any case law or explain to the Court why these issues raise a substantial question of law or fact likely to result in a reversal, a new trial, or a reduced sentence."); Owens, 2008 WL 5110899, at *2 (denying motion for release pending appeal under 18 U.S.C. § 3143(b) where defendant did not present a substantial question of law or fact); United States v. Joyner, No. 1:07-CR-105, 2008 WL 344504, at *1-2 (W.D.N.C. Feb. 7, 2008) (denying motion for release pending appeal under 18 U.S.C. § 3143(b) where "[u]pon review of Defendant's motion, the Court does not find that there is a substantial question that could result in reversal, an order for a new trial, or a reduction in sentence."); United States v. Greer, No. 1:01-CR-45, 2007 WL 2480324, at *1 (W.D.N.C. Aug, 28, 2007) (denying motion for release pending appeal under 18 U.S.C. § 3143(b) where defendant failed to show a substantial question of law or fact); United States v.

Jacobs, No. 3:04-CR-190, 2006 WL 2417205, at *1 (W.D.N.C. Aug. 21, 2006) (same); United States v. Davis, No. 1:05-CR-206, 2006 WL 1806470, at *1-2 (W.D.N.C. June 29, 2006) (same); United States v. Camara, No. 3:03-CR-209-7, 2005 WL 1806409, at *1 (W.D.N.C. July 27, 2005) (same); Hamrick, 720 F. Supp. at 68 ("A defendant that wishes to be released on bail pending appeal is required to come forward with a substantial question likely to result in reversal. It is not sufficient for the defendant, as the Defendant has done in this case, to merely note some aspects of his case that he is now unpleased with."). For all of these reasons, the Court denies Defendant's Motion.[2]

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Defendant's Motion for Release Pending Appeal (Doc. No. 62) is **DENIED**.

**SO ORDERED**.

Signed: November 17, 2023

_____
Susan C. Rodriguez
United States Magistrate Judge

---

[2] Given that Defendant has not satisfied 18 U.S.C. § 3143(b)(1)(B) the Court need not analyze whether Defendant is not likely to flee or pose a danger to the safety of any other person or the community under 18 U.S.C. § 3143(b)(1)(A). Hamrick, 720 F. Supp. at 68 ("Even assuming that Defendant met the first prong of the test, § 3143(b) requires both prongs to be met. In this case, Defendant has failed to provide the Court with sufficient reasons that a substantial question of law likely to result in reversal exists."); Owens, 2008 WL 5110899, at *2 ("Here, the Court need not conduct the analysis necessary under subsection (A) because it is apparent that Defendant cannot meet the elements of subsection (B).").